UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE FRANCISCO ARNAUD,**<br><br>Petitioner,<br><br>v.<br><br>KERN VALLEY STATE PRISON WARDEN M. BITER,<br><br>Respondent. | Case No. LA CV 13-07592-VBF-DTB<br><br>ORDER Overruling Petitioner's Objections;<br><br>Adopting the U.S. Magistrate Judge's Report and Recommendation;<br><br>Denying Petitioner's Request for a Stay |

On October 15, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. In accordance with the Court's Order Requiring Response to Petition, and after three extensions of time, respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion"), together with a supporting memorandum of points and authorities, on February 5, 2014, on the ground that three of the five claims alleged in the Petition were unexhausted. Petitioner filed his Opposition in March 2014, and respondent did not file a reply.

On August 15, 2014, the U.S. Magistrate Judge issued a Report and Recommendation ("R&R"). On October 8, 2014, the Court issued an order adopting the R&R, accepting the findings and conclusions of the Magistrate Judge, and

1

granting respondent's motion to dismiss Grounds One and Two with leave to amend. Petitioner was ordered to either: (a) File a notice of withdrawal of Grounds One and Two of the Petition, or (b) file a request to stay the proceedings and hold the Petition in abeyance while petitioner returned to state court to exhaust his state remedies.

On November 17, 2014, petitioner filed a document entitled "Notice of Petitioner's Election to Proceed With the Exhausted Claim and Invocation of Kelly Stay Due to [28 U.S.C. § 2244(d)] One Year Limitation" ("Request for Stay"). On January 20, 2015, after one extension of time, respondent filed an Opposition to the Request for Stay. On February 20, 2015, the Court denied the Request for Stay and ordered respondent to file an Answer to the Petition.

In accordance with the Court's Order, and after two extensions, respondent filed an Answer to the habeas petition in May 2015, along with a supporting memorandum of points and authorities. In June 2015, petitioner filed his traverse.

**In the interim, on July 1, 2015, the Ninth Circuit issued two published decisions holding that a motion to stay and abey a 28 U.S.C. § 2254 habeas corpus petition to exhaust claims in state court is generally (but not always) dispositive of the unexhausted claims.** *See Mitchell v. Valenzuela*, 791 F.3d 1166, 1167 (9th Cir. 2015); *Bastidas v. Chappell*, 791 F.3d 1155, 1157 (9th Cir. 2015). The Ninth Circuit found that, when the motion is dispositive, a magistrate judge "is without authority to 'hear and determine' such a motion, but rather must submit a report and recommendation to the district court.'" *Mitchell*, 791 F.3d at 1167 (citing 28 U.S.C. § 636(b)(1)(A)-(B)); *see also Mitchell*, 791 F.3d at 1170 ("'[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter.'") (quoting *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (citing *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992))) (alteration in *Mitchell*).

"As *Mitchell* explains, the interaction of *Rose v. Lundy*, 455 U.S. 509, 102 S.

Ct. 1198, 71 L.Ed.2d 379 (1982), which requires dismissal of a 'mixed' [habeas] petition that includes unexhausted claims, and the one-year statute of limitations enacted as part of [AEDPA], means that, once a motion to stay and abey the petition is denied, no matter what a petitioner chooses to do, he will generally 'lose the opportunity ever to present [his unexhausted] claims to the federal habeas court.'" *Bastidas*, 791 F.3d at 1163 (quoting *Mitchell*, 791 F.3d at 1172).

In cases in which the magistrate judge has issued an order denying a stay, the Ninth Circuit found that "[t]he district court may consider the magistrate judge's order on the stay as a report and recommendation, in which case the court should afford the parties an opportunity to lodge objections." *Mitchell*, 791 F.3d at 1174 (citation omitted); *accord Bastidas*, 791 F.3d at 1164; *see, e.g., Daniels v. Davey*, 2015 WL 5599846 (E.D. Cal. Sept. 22, 2015) (Seng, M.J.) (noting that Magistrate Judge had to issue R&R rather than ruling directly on habeas petitioner's motion for stay and abeyance).

**In light of these decisions, on August 25, 2015, the Court determined that the Magistrate Judge's February 20, 2015 Order denying petitioner's request for stay and abeyance had to be construed as a Report and Recommendation ("2/20/15 R&R") to which the parties could file objections. This is consistent with the practice of judges in our district since the Circuit's issuance of *Mitchell* earlier this year.** *See Davis v. Bitter*, 2015 WL 6549118, *3 with n.4 (C.D. Cal. Aug. 25, 2015) (Kato, M.J.) (treating as an R&R the Magistrate Judge's order finding the fourth habeas claim to be unexhausted and determining that petitioner was not entitled to stay and abeyance under *Rhines v. Weber*), *R&R adopted*, 2015 WL 6513629 (C.D. Cal. Oct. 26, 2015) (Olguin, J.); *Chacon v. Peery*, 2015 WL 5188385, *2 (C.D. Cal. Aug. 19, 2015) (Bristow, M.J.) ("In light of these recent Ninth Circuit decisions, . . . the Court vacated the . . . Order [denying the habeas petitioner's motion for stay and abeyance]" and in its stead issued an R&R), *R&R adopted*, 2015 WL

5190677 (C.D. Cal. Sept. 3, 2015) (Snyder, J.); *Nakhei v. Warden*, 2015 WL 5818727 (C.D. Cal. Aug. 19, 2015) (Chooljian, M.J.), *R&R adopted*, 2015 WL 5768378 (C.D. Cal. Sept. 30, 2015) (Fischer, J.), *appeal filed*, No. 15-56629 (9th Cir. Oct. 20, 2015).

On September 21, 2015, petitioner filed Objections to the 2/20/15 R&R. Respondent had a right under Fed. R. Civ. P. 72(b)(2) to file a response to the objections within fourteen days of being served with them. That deadline elapsed a month ago on October 5, 2015, and respondent has neither filed a response nor sought an extension of time in which to do so.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the 2/20/15 R&R, and petitioner's objections to said R&R. Having made a <u>de novo</u> determination of those portions of the 02/20/15 R&R to which objections have been made, the Court orders as follows:

Petitioner's objections to the R&R are **OVERRULED.**

The Report and Recommendation is **ADOPTED**. The Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

Petitioner's Request for Stay is **DENIED.**

DATED: November 23, 2015

*Valerie Baker Fairbank*

_____

VALERIE BAKER FAIRBANK
Senior United States District Judge