UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE FRANCISCO ARNAUD,**<br><br>Petitioner,<br><br>v.<br><br>KERN VALLEY STATE PRISON WARDEN M. BITER,<br><br>Respondent. | Case No. LA CV 13-07592-VBF (DTB)<br><br>**ORDER**<br><br>Adopting Report & Recommendation Without Objection;<br><br>Denying Pet.'s Request for Evidentiary Hearing;<br>Denying the Habeas Corpus Petition;<br><br>Directing Entry of Separate Final Judgment;<br>Terminating and Closing the Case (JS-6) |

    This is an action for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. section 2254. Pursuant to his authority under Fed. R. Civ. P. 72(b)(1), title 28 U.S.C. section 636(b)(1)(B), and C.D. Cal. Local Civil Rule 72-3.3, the United States Magistrate Judge issued a Report and Recommendation ("R&R") on March 22, 2016. *See* Case Management / Electronic Case Filing System Document ("Doc") Doc 42.

    Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the habeas corpus petition (Doc 1), the respondent warden's answer and accompanying memorandum (Doc 35), the relevant decision(s) of the California state courts, the other state-court "lodged documents" submitted by the respondent in paper form (listed in the Notice of Lodging at Doc 36), petitioner's traverse (Doc 38), the Magistrate Judge's R&R (Doc 42), and the applicable law.

    Petitioner has not filed written objections to the R&R within the time allotted by our

Local Civil Rule 72-3.4[1], nor has he sought an extension of the objection deadline. Accordingly, the Court proceeds to the issues without waiting further.

By its terms, Federal Rule of Civil Procedure 72(b)(3) requires a District Judge to conduct de novo review only of those portions of an R&R to which a party has filed timely specific objection. *See, e.g., Rael v. Foulk*, No. LA CV 14-02987 Doc. 47, 2015 WL 4111295, *1 (C.D. Cal. July 7, 2015) (Fairbank, J.) ("As required by Fed. R. Civ. P. 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which petitioner has specifically objected . . . ."), *COA denied*, No. LA CV 14-02987 Doc. 53, Appeal No. 15-56205 (9th Cir. Feb. 18, 2016).

**Conversely, the Ninth Circuit has held that absent a timely objection purporting to identify specific defects in the R&R, the District Judge has no obligation to review the R&R at all.** *See Beard v. Nooth*, 2013 WL 3934188, *1 (D. Or. July 30, 2013) ("For those portions of a magistrate's findings and recommendations to which neither party has objected, the [Federal Magistrates] Act does not prescribe any standard of review.") (citing *Thomas v. Arn*, 474 U.S. 140, 152, 106 S. Ct. 466, 473 (1985) ("There is no indication that Congress, in enacting [the Federal Magistrates Act], intended to require a district judge to review a magistrate's report.[.]") and *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district judge must review a magistrate's findings and recommendations de novo if objections are made, "but not otherwise")); *see, e.g., Herring v. Maricopa County Sheriff's Office*, 2016 WL 2754851, *1 (D. Ariz. May 12, 2016) (Campbell, J.) ("No

---

[1]Both Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. section 636(b)(1) provide that a party may file written objections to an R&R within fourteen days after being served with the R&R. Our Local Civil Rule 72-3.3, however, provides that "[i]f a party is in custody at the time of the filing of the Magistrate Judge's Report, the time for filing objections under F.R. Civ. P. 72(b) shall be shall be twenty (20) days or such further time as the Magistrate Judge may order."

"Consistent with the Federal Rule governing Magistrate Judges and the Federal Magistrates Act, the Court construes that to mean twenty calendar days after the incarcerated party is *served with* the R&R, not merely twenty days after the R&R is filed on the docket." *Crump v. CSP-Los Angeles County's Maintenance-Plant Operations Dep't*, No. LA CV 15-07845, 2016 WL 1610593, *1 n.1 (C.D. Cal. Apr. 21, 2016) (Valerie Baker Fairbank, Sr. J.).

objection has been filed, which relieves the Court of its obligation to review the R&R.") (citing, *inter alia*, *Reyna-Tapia*, 328 F.3d at 1121, and *Thomas*, 474 U.S. at 149); *Hussak v. Ryan*, 2016 WL 2606993, *1 (D. Ariz. May 6, 2016) (Rayes, J.) (same).[2]

**"Nonetheless, the Magistrates Act does not *preclude* a district judge from reviewing an R&R to make sure that it recommends a legally permissible and appropriate outcome (based on sound reasoning and valid precedent) if she chooses to do so."** *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (Fairbank, J.) (citing *Beard*, 2013 WL 3934188 at *1 (although in the absence of objections no review is required, the Magistrates Act "'does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard'") (quoting *Thomas*, 474 U.S. at 154)). "'Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that [w]hen no timely objection is filed, the Court review the magistrate's recommendations for clear error on the face of the record.'" *Juarez*, 2016 WL 2908238 at *2 (quoting *Beard*, 2013 WL 3934188 at *1 (internal quotation marks omitted)).

**Out of an abundance of caution, then, the Court has reviewed the R&R. On either clear-error or de novo review, the Court finds no defect of law, fact, or logic in the R&R.** Therefore the Court will adopt the R&R and implement its recommendations.

ORDER

The Report and Recommendation **is ADOPTED** without objection.

Petitioner's request for an evidentiary hearing is **DENIED**.

The petition for a writ of habeas corpus **is DENIED.**

---

[2] *Cf. Smith v. Johnson*, 2012 WL 6726447, *1 (E.D. Ark. Dec. 27, 2012) ("No one has objected to Magistrate Judge H. David Young's Proposed Findings and Recommendations, Document No. 4. Having reviewed for clear errors of fact on the face of the record, Fed. R. Civ. P. 72(b) (Advisory Committee Notes to 1983 [Edition]), and for legal error, the Court adopts the proposal as modified: . . . ."), *judgment reversed on other grounds*, 779 F.3d 867 (8th Cir. 2015).

1    The Court will rule on a certificate of appealability by separate order.

Final judgment will be issued consistent with this Order. "As required by Fed. R. Civ. P. 58(a), the Court will enter judgment by separate document." *Toy v. Soto*, 2015 WL 2168744, *1 (C.D. Cal. May 5, 2015) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013)) (footnote 1 omitted), *appeal filed*, No. 15-55866 (9th Cir. June 5, 2015).[3]

This action is **DISMISSED with prejudice**.

The Clerk of Court SHALL **TERMINATE and close the case (JS-6).**

Dated: Friday, July 8, 2016

/s/ Valerie Baker Fairbank
Valerie Baker Fairbank
Senior United States District Judge

---

[3] *Accord Buck v. American Quarter Horse Ass'n*, 602 F. App'x 709, 710 n.1 (10th Cir. 2015) ("[W]e note that the district court did not prepare a separate document entering judgment in accordance with Fed. R. Civ. P. 58(a).").

"'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (quoting *Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citation omitted)). "'A combined document denominated an Order and Judgment, containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.'" *Fisher v. Ventura Cty. Sheriffs Narcotics Agency*, 2014 WL 2772705, *7 n.9 (C.D. Cal. June 18, 2014) (quoting *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008)) (internal quote marks omitted).